# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH | CV F 06 1219 OWW SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR INJUNCTIVE RELIEF (Doc. 8.) |
| KNOWLES, et. al., | |
| Defendants. / | |

  James E. Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on September 7, 2006.

  On October 16, 2006, Plaintiff moved for a injunctive relief to challenge "ongoing conditions of confinement."  Plaintiff states that seeks injunctive relief to prevent the Defendants from forcing him to eat unsanitary food, placing him in administrative segregation, threatening him after he has been humiliated, denying him access to his legal materials, the law library and forcing him to live in what he calls inhumane conditions.

1    The purpose of a preliminary injunction is to preserve the status quo if the balance of
2  equities so heavily favors the moving party that justice requires the court to intervene to secure
3  the positions until the merits of the action are ultimately determined.  <u>University of Texas v.</u>
4  <u>Camenisch</u>, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a Plaintiff who
5  "demonstrates either (1) a combination of probable success and the possibility of irreparable
6  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."
7  <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either
8  approach the Plaintiff "must demonstrate a significant threat of irreparable injury."  <u>Id</u>.  Also, an
9  injunction should not issue if the Plaintiff "shows no chance of success on the merits."  <u>Id</u>.  At a
10  bare minimum, the Plaintiff "must demonstrate a fair chance of success of the merits, or
11  questions serious enough to require litigation."  <u>Id</u>.
12    "A federal court may issue an injunction if it has personal jurisdiction over the parties and
13  subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons*
14  *not before the court*."  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir.
15  1985) (emphasis added).
16    In this case, the Court has yet to screen the Complaint filed by Plaintiff to determine
17  whether it states a cognizable claim for relief.  In addition, Plaintiff only recently filed his
18  Application to Proceed In Forma Pauperis and the fee issue also remains unresolved.  Plaintiff is
19  not entitled to preliminary injunctive relief until such time as the court finds that his complaint
20  contains cognizable claims for relief against the named Defendants <u>and</u> the named Defendants
21  have been served with the summons and complaint.  At this juncture, the Motion for preliminary
22  injunctive relief is premature.  Plaintiff is cautioned to any further motions for preliminary
23  injunctive relief that are filed before Defendants are served with process in this case will be
24  denied as premature.
25    Plaintiff is also informed that injunctive relief does not serve to prevent speculative injury
26  in the form of harassment.
27    Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for
28  Injunctive Relief, filed on October 16, 2006, be DENIED, as premature.

1     These Findings and Recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty
3 (20) days after being served with these Findings and Recommendations, Plaintiff may file written
4 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **October 23, 2006**                          /s/ Sandra M. Snyder
icido3                                               UNITED STATES MAGISTRATE JUDGE