# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH | CV F   06 1219 OWW SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR INJUNCTIVE RELIEF (Doc. 9.) |
| KNOWLES, et. al., | |
| Defendants. / | |

   James E. Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on September 7, 2006.

   On October 16, 2006, Plaintiff moved for a injunctive relief to challenge "ongoing conditions of confinement."  The Court issued Findings and Recommendations on October 24, 2006, to deny the Motion on the grounds that it was premature.

   On October 19, 2006, Plaintiff filed a Second Motion for Preliminary Injunctive Relief. This one alleges that Plaintiff is being denied access to the Court because his access to his

personal property and the law library are limited.

As stated in the Court's prior Recommendation, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a Plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the Plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the Plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the Plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this case, the Court has yet to screen the Complaint filed by Plaintiff to determine whether it states a cognizable claim for relief. Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named Defendants and the named Defendants have been served with the summons and complaint. At this juncture, the Motion for preliminary injunctive relief is premature. Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before Defendants are served with process in this case will be denied as premature.

Plaintiff is also informed that although inmates have a fundamental constitutional right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Further, inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for Injunctive Relief, filed on October 19, 2006, be DENIED, as premature.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within TWENTY (20) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 31, 2006**             /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE